IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIKHAIL IVANOVICH SHAPOVALOV, | : Civil No. 1:21-CV-0900 <br> : <br> : |
| Petitioner, | : <br> : |
| v. | : <br> : |
| IMMIGRATION & CUSTOMS ENFORCEMENT AGENCY, *et al.*, | : <br> : |
| Respondents. | Judge Jennifer P. Wilson |

**MEMORANDUM**

Before the court is Petitioner Mikhail Ivanovich Shapovalov's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the constitutionality of his detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"). (Doc. 1.) As relief, Shapovalov seeks his immediate release or an individualized bond hearing. For the reasons set forth below, Shapovalov's petition will be denied as his detention pursuant to 8 U.S.C. § 1226(c) does not violate the Due Process Clause because it is neither prolonged nor arbitrary.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 14, 2021, Mikhail Ivanovich Shapovalov ("Shapovalov" or "Petitioner"), a citizen and national of Russia, filed this petition for writ of habeas corpus while housed at the Clinton County Correctional Facility in McElhattan,

Pennsylvania. (Doc. 1.) Petitioner is currently housed at the Caroline Detention Center in Bowling Green, Virginia. (Doc. 6.)

Shapovalov was admitted to the United States by immigration officials on April 6, 2013, as a CR1 immigrant (spouse of United States citizen less than two years). His status was adjusted to that of a lawful permanent resident, IR1 (spouse of United States citizen for more than two years) on September 16, 2015. (Doc. 5-1, p. 3.)[1]

On May 23, 2018, Shapovalov pled guilty to exporting firearms without a license from the United States to Latvia, a violation of the Arms Export Control Act, 22 U.S.C. § 2778. The United States District Court for the District of Connecticut imposed a sentence of 34 months' imprisonment. *See Shapovalov v. United States*, No. 3:19-CV-00821 (VLB), 2021 WL 1964722, at *1–2 (D. Conn. May 17, 2021) (denying Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255). At sentencing, the court noted that the laws Petitioner violated "were critical to national security and foreign policy," his "pre-trial adjustment was poor," and that he repeatedly violated the terms of his curfew. *Id.*, at *2–3.

On June 15, 2020, while in federal custody, Shapovalov was placed in removal proceedings with the issuance of a Notice to Appear charging him as

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

being removable pursuant to Sections 237(a)(2)(A)(iii) (conviction for aggravated felony, illicit trafficking in firearms or destructive devices), 237(a)(4)(A)(i) (violated laws related to espionage, sabotage, or exporting goods, technology, or sensitive information from the United States), and 237(a)(2)(C) (conviction of attempting to sell, offer, exchange, use, own or carry a firearm) of the Immigration and Nationality Act ("INA"). *Id.*, at *6. Petitioner was taken into ICE custody on October 14, 2020, upon his release from federal custody. *Id.*, at *11. On January 15, 2021, an Immigration Judge ("IJ") ordered Shapovalov removed to Russia after sustaining two of the three charges of removability.[2] *Id.*, at *13–14. The IJ also held that Shapovalov had waived his right to seek protection from removal under the Convention Against Torture Act ("CAT"), and was ineligible for cancellation of removal and adjustment of status. *Id.*, at *15–16.

At a February 4, 2021 bond hearing, Petitioner was found to be subject to the mandatory detention provision of 8 U.S.C. § 1226(c). (Doc. 1, p. 2.) On April 2, 2021, Petitioner's counsel submitted a request for parole to ICE's regional office. Shapovalov did not receive a response prior to filing his habeas petition. (*Id.*)

Shapovalov appealed the IJ's order to the Board of Immigration Appeals ("BIA") on January 27, 2021. (Doc. 5-1, p. 18.) On June 11, 2021, the BIA

---

[2] The IJ declined to sustain the aggravated felony charge. (*Id.*, pp. 13–14.)

3

dismissed Shapovalov's appeal. *See Executive Office for Immigration Review, Automated Case Information System*, https://portal.eoir.justice.gov/InfoSystem/Form?Language=EN, (search A-Number 057277284, last visited July 22, 2021). On June 17, 2021, Shapovalov filed a petition for review of the with the United States Court of Appeals for the Third Circuit. *See electronic docket*, https://www.pacer.gov, *Shapovalov v. Attorney General United States*, No. 21-2166 (3d Cir.) (last visited July 22, 2021). On July 1, 2021, the Third Circuit Court of Appeals issued a briefing and scheduling order. (*Id.*, Doc. 7.) The same day, Shapovalov's counsel filed a motion for stay of removal. (*Id.*, Doc. 8.) On July 2, 2021, the Third Circuit Court of Appeals temporarily granted Shapovalov's motion. Shapovalov's "removal is stayed until such time as the Court can consider the motion for stay of removal." (*Id*, Doc. 9-2.)

On May 14, 2021, Shapovalov filed the instant petition for writ of habeas corpus seeking an individualized bond hearing before an immigration judge or release from detention pending the resolution of his removal proceedings. He claims that "[a]fter seven months of detention, he is currently awaiting a decision from the BIA." (*Id.*, p. 3.) He contends that his prolonged detention, now almost nine months, is unconstitutionally prolonged in violation of the Due Process Clause of the Fifth Amendment. (*Id.*, p. 3).

The court issued an order on May 19, 2021, directing Respondent to show cause as to why relief should not be granted. (Doc. 3.) On June 9, 2021, Respondent filed a response to the petition arguing that Petitioner's pre-final order of removal detention pursuant to 8 U.S.C. § 1226(c) is mandatory and does not violate the Due Process Clause because it is neither prolonged nor arbitrary. (Doc. 5). This petition is ripe for review.

## JURISDICTION

Federal district courts may grant a writ of habeas corpus "whenever a petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). This jurisdiction includes a noncitizen's claim that their prolonged immigration detention without a bond hearing violates the Fifth Amendment Due Process Clause. *See Nielsen v. Preap*, 139 S.Ct. 954, 972 (2019) ("Our decision today on the meaning of that statutory provision [8 U.S.C. § 1226(c)] does not foreclose as-applied challenges – that is, constitutional challenges to applications of the statute as we have now read it."); *Jennings v. Rodriguez*, 138 S.Ct. 830, 841 (2018) (8 U.S.C. § 1226(e) does not preclude challenge to statutory framework that permits a noncitizen's detention without bail); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020) ("[E]ven after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause.")

**DISCUSSION**

Although the statutory provisions of 8 U.S.C. § 1226 do not provide for periodic bond hearings for noncitizens detained pursuant to 8 U.S.C. § 1226(c), such individuals may raise a constitutional challenge to the length of their detention via a habeas petition.  *Jennings*, 138 S.Ct. at 851; *Santos*, 965 F.3d at 210.  A criminal noncitizen's pre-final order mandatory detention pursuant to 8 U.S.C. § 1226(c) may "violate due process if unreasonably long."  *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).   In this constitutional analysis, "[t]he most important factor is the duration of detention."  *Santos*, 965 F.3d at 211.  In addition to the duration of the noncitizen's detention, the court must also consider "all the circumstances" of the detention, including (1) "whether the detention is likely to continue," (2) "the reasons for the delay, such as a detainee's request for continuances," and (3) "whether the [noncitizen's] conditions of confinement are 'meaningfully different' from criminal punishment."  *Id.*

The parties do not dispute that Shapovalov is currently detained pursuant to 8 U.S.C. § 1226(c)[3] and that he is not subject to a final order of removal.[4]  The question Shapovalov presents is whether his detention has become unconstitutionally prolonged under the Due Process Clause of the Fifth Amendment.  Upon review of the parties' submissions, and the *Santos* factors, the court finds that Shapovalov is not entitled to habeas corpus relief at this time.

First, with respect to the duration of Shapovalov's detention, he has been detained for approximately nine months, which the court has determined does not represent an unreasonable duration.  *See Acevedo v. Decker*, No. 1:20-CV-01679, 2021 WL 120473, at *4 (M.D. Pa. Jan. 13, 2021) (Wilson, J.).  The court sees no justification to depart from its reasoning in *Acevado* and accordingly concludes

---

[3] 8 U.S.C. § 1226 governs the detention of noncitizens during removal proceedings.  The Attorney General may generally release a noncitizen on bond or conditional parole pending a decision on their removability from the United States.  8 U.S.C. § 1226(a).  "Section 1226(c), however, carves out a statutory category of aliens who may *not* be released under § 1226(a)." *Jennings*, 138 S.Ct. at 837 (emphasis in original).  Noncitizens convicted of certain dangerous crimes and those with ties to terrorism are mandatorily detained without a bond hearing until the issue of their removability is resolved.  *Nielsen*, 139 S.Ct. at 959–60; 8 U.S.C. § 1226(c)(1)(B).  The one exception to this rule is narrowly defined, and inapplicable to Shapovalov.

[4] Even though the Third Circuit Court of Appeals granted Shapovalov a temporary stay of removal on July 2, 2021, he is still being detained under 8 U.S.C. § 1226(c) pending the resolution of his proceedings before the Third Circuit Court.  *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012) (holding that a noncitizen is considered detained under the pre-removal statute if, despite having an administratively final order of removal, the Court of Appeals grants a stay of removal), *abrogated in part on other grounds by Jennings*, 138 S.Ct. 830  (2018).

that the duration of Shapovalov's detention weighs against his claim for habeas corpus relief.

Second, the court must consider whether Shapovalov's detention is likely to continue. Shapovalov argued that his detention is unlikely to end soon as his appellate BIA brief was filed on March 15, 2021 and the "BIA decision is usually a months-long process". (Doc. 1, p. 5.; Doc. 6, p. 4.) The procedural history dispels Shapovalov's prediction of delay in the resolution of his BIA appeal which was decided June 11, 2021. Since then, Shapovalov's counsel filed a petition for review on June 17, 2021, and the Third Circuit Court of Appeals has issued a briefing schedule and a temporary stay of removal on July 2, 2021. At this point, Shapovalov's order of removal is administratively final, but his detention continues under § 1226(c) until the close of his petition for review before the Third Circuit Court of Appeals. As such, it is certain that Petitioner's detention is likely to continue at least for several months (based on the Third Circuit Court's briefing schedule), and therefore this factor weighs in Shapovalov's favor.

Third, the court must consider the reasons for the delay in Shapovalov's removal proceedings. This factor is easily dispensed with based on the procedural history of Shapovalov's removal proceedings and appeal. There is no evidence that either party has engaged in bad faith filings or caused any delay with respect to Shapovalov's removal proceedings. While Shapovalov argues his "application for

adjustment of status was erroneously pretermitted by the immigration judge," Doc. 1, p. 6, the adverse decision does not demonstrate any governmental delay or bad faith in his removal proceedings. Like the court in *Santos*, the court finds that the reasons for the delay in Shapovalov's removal proceedings "do not cut one way or the other." *Santos*, 965 F.3d at 212. Accordingly, this factor does not weigh in either party's favor.

Finally, the court considers whether Shapovalov's detention is meaningfully different from criminal punishment. When filing his petition and traverse, Shapovalov was confined at the Clinton County Correctional Facility. (Docs. 1, 6.) However, he is now stationed at a facility in Virginia. As Petitioner is no longer subject to the conditions of the Clinton County Correctional Facility, there is no purpose to evaluate them. Additionally, as the record is devoid of any information relative to his current conditions of confinement, the court finds this factor does not favor either side.

Based upon the arguments presented by the parties, the court finds that habeas corpus relief is not warranted at this time. The court will therefore deny the petition without prejudice to Shapovalov's right to renew the petition if his detention becomes unreasonable in the future.

## CONCLUSION

Shapovalov's detention pursuant to 8 U.S.C. § 1226(c) does not violate his right to due process as it is neither prolonged nor arbitrary. Shapovalov's petition filed pursuant to 28 U.S.C. § 2241 will be denied without prejudice. An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: July 23, 2021